NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000527
12-AUG-2016
08:10 AM

NO. CAAP-15-0000527

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

ALEXIS M. DEMELLO, JR., Claimant-Appellee/Appellant,
v.
THE GAS COMPANY, LLC, Employer-Appellant/Appellee,
and
GRANITE STATE INSURANCE COMPANY/AIG CLAIM SERVICES adjusted by
JOHN MULLEN & CO., INC., Insurance Carrier-Appellant/Appellee

APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(CASE NO. AB 2014-382(WH))
(DCD No. 9-13-00641(H))

MEMORANDUM OPINION
(By:  Foley, Presiding J., Fujise and Reifurth, JJ.)

Claimant-Appellee/Appellant Alexis M. DeMello, Jr. (**DeMello**) appeals from the "Attorney's Fee Approval and Order" (**Fee Approval and Order**) entered on July 9, 2015 by the Labor and Industrial Relations Appeals Board (**LIRAB**).

On appeal, DeMello contends the LIRAB erred in (1) reducing DeMello's requested attorney's fee based on an hourly rate of $165; (2) characterizing some time entries as "routine administrative tasks"; and (3) failing to explain the reduction of DeMello's counsel's hours.

## I.  BACKGROUND

On July 11, 2013, DeMello, a tank truck driver for Employer-Appellant/Appellee The Gas Company LLC (**Employer**), sustained an injury to his head while he was filling a propane tank.  The parties settled DeMello's workers' compensation claim,

and filed a settlement agreement with the LIRAB on July 9, 2015. The settlement agreement stated:

> 4. [Employer and its insurance company] shall be responsible to pay for their attorney's fees and will contribute fifty percent (50%) of [DeMello's] attorney's fees for services before the LIRAB as approved by the LIRAB. [DeMello] specifically understands and agrees that he remains responsible to pay for his attorney's fees as approved by the Director for his attorney's services at the Disability Compensation Division [(DCD)], and will be responsible to pay for fifty percent (50%) of his attorney's fees approved by the LIRAB.

On April 20, 2015, DeMello's attorney Stanford H. Masui (**Masui**) submitted a request for approval of attorney's fees based on the settlement agreement, prior to the filing of the settlement agreement.

Employer filed an objection with the LIRAB on April 21, 2015. Among its other objections to Masui's requested attorney's fees, Employer stated,

> [W]e pose an objection to the hourly rate of $210.00 for services at the [LIRAB]. The highest hourly rate allowed by insurance carriers for defense counsels is $175.00 per hour, a fee that is driven by the open market. We understand former Director of Labor Dwight Takamine arbitrarily decided that injured workers' attorneys should be compensated more and decided to do this based solely on the years of service rather than on the practitioner's skill level. This removes the element of protection for the injured worker that the system is supposed to accomplish. In all cases at the Disability Compensation Division and in a number of cases at the [LIRAB], it is the injured worker who bears the cost of the attorney's fees. We submit that an hourly rate of $160.00 is appropriate for Attorney Masui's services both at Disability Compensation Division and [LIRAB].

In response to Employer's objections, Masui wrote to the LIRAB in a letter filed on May 4, 2015:

> 5. The hourly rate for myself of $210 has been approved by the DCD (enclosed). The [LIRAB] rate has historically been $5 to $10 above the DCD rate. It is understood that this issue has been and should be further reviewed by the [LIRAB]. I would also continue to reserve my objection to the setting of hourly rates by the DCD and [LIRAB].
>
> I can assure [counsel for the Gas Company] that if claimants' attorneys rates for workers' compensation were dictated by the free market, and not artificially restricted and depressed as it has been for decades, most claimants' attorneys would charge a flat contingency fee of 20-25% plus costs consistent with Longshore and Harbor Worker's and Social Security policy. If hourly [rates] were freely established such rates would also parallel hourly rates customarily charged in the legal community, i.e., $200-300 per hour. I have provided the [LIRAB] with authorities in the State of Hawaii to compare hourly rates allowed by the courts in other fields.

2

The Laffey matrix (enclosed), I also submitted based on experience levels has been utilized by many federal courts, and is the model adopted by Mr. Takamine, and not an arbitrary construct. In fact the use of experience levels provides a more objective way of setting rates rather than the previous subjective evaluations of hearing officers and administrators.

In the Fee Approval and Order, the LIRAB stated:

2. Stanford H. Masui, Esq. ("Attorney") submitted a Request for Approval of Attorney's Fee ("Request") dated April 14, 2015. The total amount requested was $8,350.77 ($210.00 per hour x 24.50 hours, $160.00 x 15.00 hours, applicable taxes, plus costs of $451.15).

. . . .

5. In reviewing the subject fee request, the [LIRAB] took into account the benefits obtained for Claimant in this appeal, the novelty and difficulty of issues involved on appeal, the amount of fees awarded in similar appeals, and the hourly rate customarily awarded workers' compensation attorneys possessing similar skills and experience, including Attorney's years of practice in the field of workers' compensation law, the number of clients represented before the [LIRAB], as well as Attorney's responsiveness and timeliness.

6. In this case, the [LIRAB] does not approve the requested attorney hourly rate of $210.00. An hourly rate of $165.00 for Attorney is reasonable and is consistent with that customarily awarded to attorneys possessing similar skills and experience before the [LIRAB].

7. Attorney has practiced in the field of workers' compensation law in Hawaii for approximately 30 years.

8. Attorney stated that in the past three years, he has represented approximately 100 clients before the [DCD] and approximately 50 clients before the [LIRAB].

. . . .

10. The [LIRAB] did not approve all "Transmittal to" entries (16 entries) as they are considered routine administrative tasks.

11. The [LIRAB] has reduced Attorney's $165.00 ($210.00) requested hours by 5.60 hours and Attorney's $160.00 requested hours by 0.60 hour.

12. The [LIRAB's] $429.89 calculation of Attorney's itemized costs is reasonable.

13. The total amount of $6,107.90, including fees and costs, is reasonable.

DeMello filed an appeal from the LIRAB's order on July 15, 2015.

## II.   STANDARD OF REVIEW

Appellate review of a LIRAB decision is governed by Hawaii Revised Statutes (**HRS**) § 91-14(g) (2012 Repl.), which provides:

§91-14   Judicial review of contested cases.

. . . .

(g)   Upon review of the record the court may affirm the decision of the agency or remand the case with instructions for further proceedings; or it may reverse or modify the decision and order if the substantial rights of the petitioners may have been prejudiced because the administrative findings, conclusions, decisions, or orders are:

(1)   In violation of constitutional or statutory provisions; or

(2)   In excess of the statutory authority or jurisdiction of the agency; or

(3)   Made upon unlawful procedure; or

(4)   Affected by other error of law; or

(5)   Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or

(6)   Arbitrary, or capricious, or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

See Tauese v. Dept. of Labor and Indus. Relations, 113 Hawai'i 1, 25, 147 P.3d 785, 809 (2006).

An award of reasonable attorney's fees and costs pursuant to HRS § 386-94 (2015 Repl.) is reviewed under the abuse of discretion standard. See McLaren v. Paradise Inn Hawaii LLC, 132 Hawai'i 320, 331-32, 321 P.3d 671, 682-83 (2014).

## III.   DISCUSSION

HRS § 386-94 governs the award of attorney's fees and costs in workers' compensation cases and provides:

§386-94   Attorneys, physicians, other health care providers and other fees.   Claims for services shall not be valid unless approved by the director or, if an appeal is had, by the appellate board or court deciding the appeal. Any claim so approved shall be a lien upon the compensation in the manner and to the extent fixed by the director, the appellate board, or the court.

In approving fee requests, the director, appeals board, or court may consider factors such as the attorney's skill and experience in state workers' compensation matters, the amount of time and effort required by the complexity of the case, the novelty and difficulty of the issues involved,

4

> the amount of fees awarded in similar cases, benefits obtained for the claimant, and the hourly rate customarily awarded attorneys possessing similar skills and experience. In all cases, reasonable attorney's fees shall be awarded.
>
> Any person who receives any fee, other consideration, or gratuity on account of services so rendered, without approval, in conformity with the preceding paragraph, shall be fined by the director not more than $10,000.

The LIRAB is required to set forth its reasons for reducing an award for attorney's fees and costs. McLaren, 132 Hawai'i at 330-31, 321 P.3d at 681-82 (applying the rationale in In re Bettencourt, 126 Hawai'i 26, 265 P.3d 1122 (2011) to workers' compensation cases).[1]

DeMello argues that the LIRAB is not allowed to set hourly rates, and must only consider the hourly rate customarily awarded attorneys possessing similar skills and experience. Nothing in HRS § 386-94 precludes the LIRAB from employing the "lodestar method" of calculating reasonable attorney's fees, under which reasonable attorney's fees are calculated by the number of hours reasonably expended by a reasonable hourly rate. See Kaleikini v. Yoshioka, 129 Hawai'i 454, 469, 304 P.3d 252, 267 (2013).

The LIRAB's statement that $210 was an unreasonable rate while $165 was a reasonable rate does not seem to be based on any evidence before the LIRAB, and was certainly not explained in sufficient detail in its award of attorney's fees. See McLaren, 132 Hawai'i at 330-31, 321 P.3d at 681-82. The LIRAB's recitation of factors enumerated in HRS § 386-94 is not an explanation for its decision to reduce Masui's requested attorney's fees. The LIRAB is required to apply those factors based on evidence submitted so that a reviewing body may adequately assess whether the LIRAB abused its discretion. See McLaren, 132 Hawai'i at 331, 321 P.3d at 682.

---

[1] Although the Hawai'i Supreme Court in McLaren focused on the need for the Director to provide an explanation for a reduction in costs so that the LIRAB may review the Director's decision, the reasoning in McLaren is applicable to a situation in which the LIRAB is the body awarding and reducing an attorney's fees request such that it is reviewable by this court. See McLaren, 132 Hawai'i at 332, 321 P.3d at 683 ("[T]o enable appropriate review of any reductions in [requests for attorney's fees and costs], the [Director] must appropriately set forth its reasons for the reductions.").

The LIRAB also failed to provide an explanation for its decision to deny certain tasks as "routine administrative tasks," and again, we cannot determine whether the LIRAB abused its discretion. See McLaren, 132 Hawaiʻi at 330-31, 321 P.3d at 681-82. Therefore, we remand to the LIRAB for further proceedings related to the appropriateness of Masui's requested attorney's fees and costs.

### IV.   CONCLUSION

The "Attorney's Fee Approval and Order" entered on July 9, 2015 by the Labor and Industrial Relations Appeals Board is vacated and this case is remanded for proceedings consistent with this opinion.

DATED:   Honolulu, Hawaiʻi, August 12, 2016.

On the briefs:

Stanford H. Masui
Erin B.J.H. Masui
(Law Offices of Masui-Masui)
for Claimant-
Appellee/Appellant.

Robert C. Kessner
Muriel M. Taira
(Kessner Umebayashi Bain &
Matsunaga)
for Employer-
Appellant/Appellee
and Insurance Carrier-
Appellant/Appellee.

Presiding Judge

Associate Judge

Associate Judge

6